UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:14-CV-337-JGH

JOYCE SON                                                                           PLAINTIFF

v.

BAPTIST HEALTHCARE AFFILIATES, INC.
d/b/a BAPTIST HEALTH LA GRANGE, *et al.*                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

For the second time, Plaintiff has moved to remand this case to state court.  At issue is whether the Court should retain supplemental jurisdiction over Plaintiff's state law claims after she amended her complaint and abandoned her federal law claims.  To promote judicial economy, convenience, fairness, and comity, the Court will deny the motion and retain its jurisdiction.

I.

Plaintiff filed this lawsuit in Oldham Circuit Court on April 8, 2014, pleading state law claims under the Kentucky Civil Rights Act and federal law claims under the Family and Medical Leave Act.  Invoking federal question and supplemental jurisdiction, Defendants properly removed the entire case to federal court on April 28.  Plaintiff moved to remand, but this Court denied the motion on June 30 because Plaintiff continued to assert FMLA claims.

The litigation moved forward.  On July 24, the parties filed a litigation schedule that contemplated the completion of non-expert discovery by February 1, 2015, and the filing of dispositive motions by April 3, 2015.  The parties entered an agreed protective order, exchanged interrogatories, produced documents, and took three depositions.  After briefing and a telephonic

conference, Magistrate Judge Whalin entertained and denied a motion to compel concerning the order and length of depositions.  At some point during discovery, Plaintiff learned that her FMLA claims were meritless.  Apparently, Defendant decided to terminate Plaintiff before she requested FMLA leave.[1]  The exact date when Plaintiff learned this critical fact is unclear, but the Court has no reason to think Plaintiff has done anything improper.  Most likely, Plaintiff learned that her FMLA claims would fail on or around November 7, when Plaintiff's immediate supervisor was deposed.

Plaintiff moved to amend her complaint to retract the FMLA claims on November 26. The Court granted her motion on December 22.  The next day, Plaintiff filed her second motion to remand.[2]  Discovery is now complete.  Pending the result of this motion, Defendant is prepared to file a dispositive motion and the Court is prepared to set a trial date.

## II.

The question is whether the Court should maintain supplemental jurisdiction over Plaintiff's remaining state law claims, even when no federal claims remain.  A district court has "supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(c).  But the district court "may decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims over which it has jurisdiction."  28 U.S.C. § 1367(c)(3).

"In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'"  *Gamel v. City of Cincinnati*, 625 F.3d 949, 951-52 (6th Cir.

---

[1] Plaintiff was apparently out of the office when she was terminated.  She returned with a doctor's note to request FMLA leave, but the decision to terminate her had already been made.

[2] Plaintiff initially requested additional time for discovery in the event that this Court denied her motion for remand.  In a telephonic conference, Plaintiff retracted this request.

2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  "A district court

may also 'consider whether the plaintiff has engaged in any manipulative tactics when it decides

whether to remand a case.  If the plaintiff has attempted to manipulate the forum, the court

should take this behavior into account' in determining whether the balance of factors supports a

remand of the state-law claims." *Id.* at 952 (quoting *Carnegie-Mellon*, 484 U.S. at 357).

   When all federal claims are dismissed before trial and only state law claims remain, "the

balance of considerations usually will point to dismissing the state law claims, or remanding

them to state court if the action was removed." *Id.* (quoting *Musson Theatrical, Inc. v. Fed. Exp.

Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).  Though remand is often the preferred path, "there

is no categorical rule that the pretrial dismissal of federal claims bars a court from deciding

remaining state claims." *Carmichael v. City of Cleveland*, 571 F. App'x 426, 434 (6th Cir. 2014)

(quoting *Musson Theatrical*, 89 F.3d at 1254).  Plus, district courts have "broad discretion in

deciding whether to exercise supplemental jurisdiction over state law claims." *Id.*

   Two contrasting Sixth Circuit opinions help illustrate the considerations here.  In *Harper

v. AutoAlliance International, Inc.*, 392 F.3d 195, 211-12 (6th Cir. 2004), the Court of Appeals

upheld the district court's decision to retain supplemental jurisdiction over state law claims

because of four factors: (1) the plaintiff had engaged in forum manipulation by voluntarily

dismissing his federal-law claims after the case had been in federal court for eleven months; (2)

the parties had completed discovery; (3) the defendants' summary judgment motions were ripe

for decision; and (4) the district court had already invested significant time in the litigation and

was familiar with the facts.  In *Gamel v. City of Cincinnati*, 625 F.3d 949, 952-53 (6th Cir.

2010), though the district court had some familiarity with the federal law claims and found that

plaintiffs had engaged in forum manipulation, the Court of Appeals found no abuse of discretion

when the district court relied on the following factors to remand the state law claims to state court: (1) the plaintiffs retracted their federal law claims four days after the defendant removed; (2) the court had not overseen discovery; (3) there was no potentially dispositive summary judgment motion filed at the time the plaintiffs' filed the motion to remand; and (4) judicial economy would not have been served by exercising supplemental jurisdiction over the state law claims.

### III.

After reviewing the briefs and hearing the report of a telephonic conference from Magistrate Judge Lindsay, the Court finds that this case more closely resembles *Harper* than *Gamel*. First, like the movant in *Harper*, Plaintiff voluntarily retracted her federal claims after the case had been in federal court for more than seven months. Second, discovery is complete. Third, while Defendant has not yet filed a summary judgment motion, it intends to do so by the April 1 deadline. Though this factor is not as compelling as in *Harper* where Defendant's dispositive motion was ripe for review, it is relevant to the fairness inquiry. It is easier to defend a summary judgment motion under the Kentucky Rules of Civil Procedure than under the federal rules. *See, e.g.*, *Shelton v. Kentucky Easter Seals Soc., Inc.*, 413 S.W.3d 901, 916 (Ky. 2013). Fourth, in the nearly eight months before Plaintiff's motion to amend her complaint, this Court invested some time to this case, approving a litigation plan, reviewed and signed a protective order, and resolved a discovery dispute.

After all this, the values of judicial economy and comity would best be served by keeping this case in federal court. It would be unfair to Defendant to remand at this stage of the litigation. The parties have complied with the litigation schedule and completed discovery under the impression that dispositive motions would be filed, and a trial conducted, in federal court.

Given all of these factors, the fairest and most efficient path to resolving this case lies in federal court.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is DENIED.  The Court will set a trial date in the near future.

cc:    Counsel of Record